UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENE FINNEGAN,<br><br>            Plaintiffs,<br><br>-against-<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | **MEMORANDUM AND ORDER**<br><br>Case No. 16-CV-3939 (FB) |

*Appearances*:
*For Plaintiffs*:
PHILIP SEELIG
Seelig Law Office, LLC
299 Broadway, Suite 1600
New York, NY 10007

*For Defendant*:
BREON PEACE
United States Attorney
ANNE M. ZEIGLER
Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, MD 21235

**BLOCK, Senior District Judge:**

    Plaintiff Eugene Finnegan ("Finnegan") obtained past-due disability benefits after this Court vacated the Social Security Administration's ("SSA") denial of his benefits claim. Pending before the Court is Attorney Philip H. Seelig's ("Seelig") motion under 42 U.S.C. § 406(b) for $13,402.75 in attorney's fees.

    After this Court remanded Finnegan's claim to the Commissioner for calculation of benefits on October 30, 2017, SSA sent Finnegan a Notice of Award letter dated January 30, 2018, which advised him that $29,135.50 was being withheld for a potential attorney's fees request. Seelig filed a petition under 42 U.S.C. § 406(a) on April 13, 2018, requesting $30,712.50 in attorney's fees, and

received $30,608.50 on August 26, 2022. This Court previously awarded Seelig $7,400 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

In April and September of 2018, SSA issued additional Notice of Award Letters to Finnegan notifying him of past-due auxiliary benefits for his spouse and child, which Seelig was not involved in requesting. SSA notified Finnegan and Seelig on September 14, 2022 that it was withholding $13,402.75, representing 25% of these auxiliary benefits, in anticipation of an additional fees request. Seelig filed the instant motion on September 21, 2022, seven days after receiving notice of the withholding of additional funds. Seelig expended approximately 42.1 hours of attorney time for his representation of Finnegan before this Court.

**1. Timeliness**

Federal Rule of Civil Procedure 54(d)(2)(B) allows § 406(b) motions to be filed within fourteen days from "when the claimant receives notice of the benefits calculation." *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 91 (2d Cir. 2019). That filing period may be enlarged "where circumstances warrant." *Id.* at 89. "Where multiple notices are expected due to, inter alia, benefits awarded to family members, the deadline may be extended until counsel has received the necessary documentation to identify the maximum allowable attorney's fee." *Joel Paul C. v. Comm'r of Soc. Sec.*, No. 19-CV-19SR, 2022 WL 11261662, at *2 (W.D.N.Y. Oct. 19, 2022) (citing *Hopkins v. Cohen*, 390 U.S. 530 (1968)).

Here, Seelig filed the instant § 406(b) motion more than three years after Finnegan received his calculation of auxiliary benefits in 2018. However, Seelig requests that the filing window be extended because he did not receive notice of the auxiliary benefits until August 4, 2022, or the amount of attorney's fees being withheld until September 14, 2022. Seelig maintains that he first learned of the auxiliary funds on August 4, when SSA's $30,608.50 attorney's fees payment prompted him to inquire with SSA as to why more than the withheld amount of $29,135.50 had been disbursed. In response, SSA informed Seelig that auxiliary benefits had been awarded, and on September 14 informed him that $13,402.75, or 25% of the auxiliary benefits, was being withheld for attorney's fees. Because Seelig did not have notice of the amount of available fees for auxiliary benefits until September 14, 2022, and because he filed the instant motion seven days after, the Court opts to enlarge the filing period and deem Seelig's motion timely. *See Joel Paul C.*, 2022 WL 11261662, at *2.

### 2. Reasonableness of Fees Requested

Lawyers for prevailing plaintiffs in Social Security actions are entitled to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." 42 U.S.C. § 406(b). The Supreme Court has held that 42 U.S.C. § 406(b)'s "reasonable fee" provision allows contingency fee agreements, so long as they do not provide for a fee "in

3

excess of 25 percent of the total past due benefits" and are "reasonable." See *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). Second Circuit courts weigh three factors when assessing the reasonableness of a fee agreement: (1) whether the proposed fee is below the 25% maximum; (2) whether it is the product of fraud or attorney overreach; and (3) whether it is so large as to be a windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). In 2022, the Second Circuit provided additional factors for assessing whether the attorney would receive a windfall: (1) the lawyer's ability and expertise and whether they were particularly efficient, (2) the nature and length of the professional relationship with the claimant, including any representation at the agency level, which can indicate the case's complexity, "the lawyering skills necessary," its risks, "and the significance of the result achieved in district court," (3) the claimant's satisfaction, and (4) how uncertain the award of benefits was and the effort it took to achieve it. *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022) (internal quotations omitted).

Here, Seelig requests a fee of $13,402.75, which SSA indicated is 25% of the auxiliary benefits award. There is no evidence of fraud or overreach in the Agreement. Thus, the only question is whether an award of $13,402.75 for 42.1 hours of work (or $318.36 per hour) would constitute a windfall. It would not. There are no objections to Seelig's expertise or the quality of his representation of Finnegan. Since 2013, Seelig has represented Finnegan in both administrative and

4

federal court proceedings. No concerns about the Finnegan's satisfaction with his representation have been raised. Courts have awarded fees at a de facto rate far higher than $318.36 per hour. *See, e.g.*, *Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784 at *3 (S.D.N.Y. Feb. 13, 2020) (approving a $1,506.32 hourly rate); *Baron v. Astrue*, 311 F. Supp. 3d 633, 637-38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100.00 given efficient and impressive work from counsel). In addition, the hours spent on the federal case are reasonable. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (listing multiple cases approving 40 or more hours for obtaining a remand).

Seelig will need to refund his earlier EAJA award of $7,400 awarded to Finnegan, as "the claimant's attorney must refund to the claimant the amount of the smaller fee" between EAJA and § 406(b) fee awards. *Gisbrecht*, 535 U.S. at 789.

## CONCLUSION

The motion for attorney's fees is granted. The Commissioner is ordered to disburse $13,402.75 to Seelig and any remainder to Finnegan. Upon receipt of these funds, Seelig is directed to refund the $7,400.00 EAJA award to Finnegan. **SO ORDERED.**

                                                 /S/ Frederic Block
                                                 FREDERIC BLOCK
                                                 Senior United States District Judge

Brooklyn, New York
January 10, 2023